# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.     1:19 CR 325 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| TERRY LEE JACKSON, SR., | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Terry Lee Jackson, Sr.'Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. §2255.  (ECF #135).  The Government has filed a Motion to Dismiss, arguing that Mr. Jackson's petition was not timely filed.  (ECF #137).

## FACTUAL AND PROCEDURAL HISTORY

Following a jury trial, Mr. Jackson was found guilty of one drug-distribution charge, and three charges of possession with intent to distribute illegal substances.   (ECF #84).   On September 8, 2022, he was sentenced to 262  months of imprisonment. (ECF #109).  He appealed his conviction. (ECF #114).   The Sixth Circuit Court of Appeals affirmed his sentence on December 27, 2023.  (ECF #133, 134).    On June 20, 2025, Mr. Jackson filed the instant Motion to Vacate, arguing that he was denied his right to competent trial and appellate counsel, and that he was denied his right to confront his accuser.  In response, the Government argues that Mr.

Jackson's § 2255 petition is untimely, and therefore, should be dismissed.

## ANALYSIS

A. Timeliness

Section 2255 petitions are the exclusive means by which a federal prisoner may collaterally attack a sentence that is alleged to violate federal law. *Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that § 2255 petitions be filed within one year of the finalization of the conviction. 28 U.S.C. § 2255(f); see also, *In re Hanserd*, 123 F.3d 922, 924, 932 (6th Cir. 1997). Specifically, the statute provides as follows:

(f)     A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4). Nothing in his petition raises the potential for relief under subsections (2) or (4) of § 2255(f). Mr. Jackson does not allege any impediment to filing caused by the government, nor does he rely on any newly recognized right or newly discovered facts.

2

Therefore, his filing time under §2255 is established under subsection (f)(1), and it expired one year after the date on which his judgment became final.   Mr. Jackson was sentenced on September 8, 2022, and the judgment was docketed on the same day.   (ECF #109, 110).  His appeal was complete, at the latest,  upon the issuance of the Sixth Circuit's mandate on December 27, 2023.  (ECF #134).  Because this action was filed on June 20, 2025, almost six months after the expiration of the one year statute of limitations in § 2255(f)(1), it is untimely. Therefore, Mr. Jackson's petition is time-barred and must be dismissed.

B.  Procedural Default

Mr. Jackson's first claim is also procedurally defaulted.  Claims that could have been raised on appeal but were not, are procedurally defaulted from consideration under §2255. *United States v. Frady*, 456 U.S. 152 (1982).  Mr. Jackson could have raised the argument that he was unable to confront his accuser at trial during his direct appeal. Therefore, because this argument was available to Mr. Jackson at the time of his direct appeal, and he did not choose to raise it, it is procedurally defaulted for purposes of his §2255 motion.


## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition.  28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a

4

certificate of appealability.

## CONCLUSION

For the reasons set forth above, the Government's motion to dismiss Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is GRANTED.  (ECF #137).  Mr. Jackson's petition is, therefore, dismissed.  (ECF #135).  Furthermore, because the record conclusively shows that Petitioner is entitled to no relief under § 2255,  the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).  IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: _July 9, 2025_